IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **LLOYD H CRABTREE,** § § § **Plaintiff,** § § **v.** § § **CHIEF APPRAISER AMANDA THIBODEAUX,** § § § § **Defendant.** § | **CIVIL ACTION NO.  6:22-CV-00437-JCB** |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the court is Defendant Amanda Thibodeaux's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 7.)  In response, Plaintiff filed a motion to declare Defendant unconstitutional. (Doc. No. 8.) For the reasons stated herein, the court **RECOMMENDS** that Defendant's motion (Doc. No. 7) be **GRANTED** and the case be **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Plaintiff Lloyd Crabtree proceeding pro se, but not *in forma pauperis* having paid the full filing fee in this civil action, filed the instant action on November 14, 2022. (Doc. No. 1.) Plaintiff's allegations string together a series of statements involving the constitution. *Id.* Interpreting Plaintiff's words liberally, it appears he is alleging that Upshur County Appraisal District and Chief Appraiser, Amanda Thibodeaux, violate Article I Section 10 of the constitution. *Id.* at 2. Plaintiff provides no further elaboration in his complaint. Plaintiff served Defendant Amanda

1

Thibodeaux on November 15, 2022 (Doc. No. 4), and she filed the instant motion to dismiss in response on December 6, 2022. (Doc. No. 7.)

## LEGAL STANDARD

When a defendant files a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). The Supreme Court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 677–78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id*. at 678.

A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id*.; *see also Rios v. City of Del Rio, Tex*., 444 F.3d 417, 421 (5th Cir. 2006).

The pleading of a *pro se* plaintiff is to be liberally construed and is held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, even with *pro se* litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions," are not sufficient for a well-pleaded complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

**DISCUSSION**

Here, Defendant contends that Plaintiff's complaint should be dismissed for failure to state a claim. (Doc. No. 7.) Defendant argues that Plaintiff's allegations are bare bones and do not allege any facts applicable to Defendant that would put her on notice of any causes of action asserted against her. *Id.* The court agrees.

As discussed above, Plaintiff's allegations merely recite articles of the constitution without facts or any specifics as to Defendant. Liberally construed, Plaintiff alleges that Defendant is contrary to article I section 10 of the constitution. (Doc. No. 1, at 2.) But that provision of the constitution has to do with acts requiring consent of Congress. Plaintiff's complaint does not elaborate on his claim in this regard. In his motion filed in response to Defendant's motion, it appears he is contending that Defendant, as Chief Tax Appraiser, acts unconstitutionally in her appraisal and assessment of property taxes. (Doc. No. 8.)  These barebone allegations fail to state a claim for relief and fail to comport with the requirements of Rule 8(a)(2). The court has liberally construed Plaintiff's complaint with all possible deference due a pro se litigant. *See Erickson*, 551 U.S. at 94 (Pro se pleadings are "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Even under this most liberal construction, however, Plaintiff's complaint fails to plead sufficient facts to state a claim upon which relief can be granted and cannot survive a 12(b)(6) motion.

Even assuming Plaintiff had asserted a viable claim challenging the Tax Appraiser's constitutional authority, a federal action brought pursuant to 42 U.S.C. § 1983 would be prohibited by principles of comity. The Supreme Court has held that principles of comity prohibit federal courts from hearing § 1983 damages actions which challenge the constitutionality of state tax collection. *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 102 (1981). Moreover, any such claims are barred by the Tax Injunction Act, 28 U.S.C. § 1341, which limits the power of federal courts to interfere with the important local concern of collecting taxes by preventing federal courts from giving injunctive relief so long as there is a plain, speedy, and efficient remedy in state court. *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981). Applying the Tax

Injunction Act, the Fifth Circuit has repeatedly held that remedies under Texas law are procedurally adequate to address taxpayer suits, including those asserting constitutional claims. *See Samtani v. Webb Cnty. Appraisal Dist.*, 285 F. App'x 183, 183–84 (5th Cir. 2008) (explaining that Texas remedies "provide a procedural vehicle for taxpayers' federal constitutional claims, including a full hearing and judicial determination, with ultimate review available in the United States Supreme Court" (quotation omitted)); *see also McQueen v. Bullock*, 907 F.2d 1544, 1547 n.9 (5th Cir. 1990) (collecting cases and concluding that "[t]he facial validity of the Texas remedies is thus well established"). As such, the court lacks jurisdiction over any such claims.

Traditionally, district courts are required to permit a pro se plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous and/or futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Here, a review of Plaintiff's initial complaint shows that any attempt to amend this claim against would still result in a frivolous analysis. Moreover, Plaintiff, proceeding pro se, has previously brought two actions in this court that have been dismissed as frivolous. *See* Case No. 6:13-cv-00903 and Case No. 6:15-cv-00015. Therefore, the court declines to afford Plaintiff an opportunity to amend this complaint. Plaintiff's complaint should be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

## CONCLUSION

For these reasons, the court **RECOMMENDS** that Defendant's motion to dismiss (Doc. No. 7) be **GRANTED** and that Plaintiff's claims be **DISMISSED WITH PREJUDICE**. Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party

may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 21st day of December, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE